UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVEREST ENTERPRISE, LLC** | :: | |
| *Plaintiffs,* | :: | C.A. NO. _____ |
| | :: | |
| *versus* | :: | |
| | :: | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE COMPANY** | :: | |
| | :: | |
| *Defendant.* | :: | **MAG. JUDGE KATHLEEN KAY** |
| | :: | |

**PETITION FOR INSURANCE BENEFITS AND DAMAGES**

**NOW INTO COURT** comes EVEREST ENTERPRISE, LLC, Plaintiff herein, who for it's Petition for Insurance Benefits and Damages aver to wit:

**JURISDICTION AND VENUE**

1. This is an action for insurance benefits, damages and punitive damages brought pursuant to a contract of insurance issued by your defendant, AMGUARD INSURANCE COMPANY LONDON ("Defendant" or "AMGUARD INSURANCE COMPANY LONDON") to your Plaintiff, EVEREST ENTERPRISE, LLC. ("EVEREST ENTERPRISE, LLC" or "Plaintiff.")

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to, *inter alia*, 28 U.S.C. § 1332(a) because the Plaintiff is a citizens of a different state than the Defendant and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3. Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in the geographical

boundaries of the Lake Charles Division of the United States District Court for the Western District of Louisiana, where all of the property that is the subject of the action is situated.

## PARTIES

4. Your Plaintiff, EVEREST ENTERPRISE, LLC reside in and is domiciled in Allen Parish, Louisiana.

5. Defendant, AMGUARD INSURANCE COMPANY LONDON is and at all times herein mentioned was, a foreign insurance corporation authorized to do and conducting the business of insurance in the Parish of Allen, State of Louisiana, but is a resident of and domiciled in the State of Pennsylvania.

## FACTUAL BACKGROUND

6. Defendant is liable unto Plaintiff for damages arising from two hurricanes that struck Louisiana and caused damage to EVEREST ENTERPRISE, LLC'S.

7. EVEREST ENTERPRISE, LLC owns a business located in Oberlin, Louisiana. ("EVEREST ENTERPRISE, LLC.")

8. EVEREST ENTERPRISE, LLC's consists of one (1) building: Building #1 is the "Main Building" and is a wood framing, wood and metal siding with metal roofing system with.  Due to damages to the building and contents EVEREST ENTERPRISE, LLC was unable to operate its business.

9. The Main Building (Buildings # 1) is located at 615 West Seventh Avenue, Oberlin, Louisiana 70655.

10. On Thursday, August 27, 2020, at around 1:00 am CDT (0600 UTC) the eye of Hurricane Laura, made landfall near Cameron, Louisiana, 35 miles east of the Louisiana/Texas border and

then moved towards the North at near 15 mph (24 km/h).  Hurricane Laura was a Category 4 hurricane at landfall with 130-kts (150 mph) sustained winds (10 m; 1-minute over water).

11. On Friday, October 9, 2020, at around 6:00 pm CDT (2300 UTC) the eye of Hurricane Delta made landfall near Creole, Louisiana, 53 miles east of the Louisiana/Texas border and then moved towards the North at near 15 mph (24 km/h).  Hurricane Delta was a Category 2 hurricane at landfall with 87-kts (100 mph) sustained winds.

12. Landfall is defined as the intersection of the surface center of a cyclone (eye) with a coastline.  The "eye" of a hurricane has a circular band of the highest wind called the hurricane eyewall that is typically 16 km (10 miles) thick.

13. EVEREST ENTERPRISE, LLC'S Building was severely damaged by Hurricane Laura, when it was subjected to estimated wind speeds as high as 115 mph and was damaged by Hurricane Delta, when it was subjected to wind speeds of 94 mph. Damages include structural damages to Building #1 that include, *inter alia*, destruction and damage to the metal roof, ridge cap, flashing, walls, doors, beam, plywood, metal walls and damage to merchandise.

14. At all times pertinent hereto, defendant AMGUARD INSURANCE COMPANY LONDON had in full force and effect a policy of homeowners insurance (Louisiana Homeowners Policy #EVBP178384 hereinafter sometimes referred to as the "Policy") that provided insurance coverages to EVEREST ENTERPRISE, LLC in the event of damages to or loss of EVEREST ENTERPRISE, LLC'S Building.

15. AMGUARD INSURANCE COMPANY LONDON's Policy provided, *inter alia*, coverage for the loss or destruction of the dwelling, appurtenant structures, contents, clean up and salvage expenses, secondary buildings, and additional living expenses.  The Policy covered

the loss of destruction of fences, "other structures;" for remediation and mitigation costs, cleanup costs such as debris removal and the clearing of trees.

16. Shortly after Hurricane Laura caused damage to EVEREST ENTERPRISE, LLC'S Building, Plaintiff put AMGUARD INSURANCE COMPANY LONDON on notice of its losses to the defendant and asked that adjustment procedures begin and made further demand upon AMGUARD INSURANCE COMPANY LONDON for benefits due Plaintiff under the policy issued by defendant.

17. Shortly after Hurricane Delta struck, Plaintiff put AMGUARD INSURANCE COMPANY LONDON on notice of its losses and asked that adjustment procedures begin and made further demand upon AMGUARD INSURANCE COMPANY LONDON for benefits due Plaintiff under the policy issued by defendant.

18. Your Plaintiff thus placed AMGUARD INSURANCE COMPANY LONDON on notice of its losses and has thereafter co-operated fully and fairly with AMGUARD INSURANCE COMPANY LONDON and complied with all reasonable requests for information, all as is contemplated by the Policy issued by AMGUARD INSURANCE COMPANY LONDON.

19. AMGUARD INSURANCE COMPANY LONDON had EVEREST ENTERPRISE, LLC'S Building inspected by "insurance adjusters" and engineers of their choosing and received satisfactory proof of your Plaintiffs' losses sufficient to put AMGUARD INSURANCE COMPANY LONDON on notice that all amounts were clearly due and owing under AMGUARD INSURANCE COMPANY LONDON's policy of insurance.

20. AMGUARD INSURANCE COMPANY LONDON sent an adjuster out to the EVEREST ENTERPRISE, LLC Building to inspect the property and proof of loss on or about late September thorough early October, 2020. After AMGUARD INSURANCE COMPANY LONDON inspected the property, an inadequate payment was tendered.

**First Cause of Action:**
**(Breach of Contract)**

21. In spite of being placed in possession of proof of your Plaintiffs' losses, Defendant has failed to tender amounts due and owing under the AMGUARD INSURANCE COMPANY LONDON policy in question within thirty (30) days of inspection of property, which amounts are still due and owing and include, but are not limited to amounts payable for: loss or destruction of the dwelling, appurtenant structures, contents, clean up and salvage expenses, secondary buildings, and additional living expenses, loss or destruction of fences, "other structures;" for remediation and mitigation costs, cleanup costs such as debris removal and the clearing of trees.

22. As a consequence of Defendants failure to pay your Plaintiff, within thirty (30) days after inspection of the property, the Defendant has breached its contract with your Plaintiff and has further violated its affirmative duty of good faith and fair dealing, all as more fully set forth below.

**Second Cause of Action:**
**(Breach of Implied Covenants)**

23. Pursuant to ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64 (1938), this Court sits as an "Erie Court" and must apply the substantive law the State of Louisiana.

24. La. R.S. 22:1892 (A)(1) provides in pertinent part:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

25. La. R.S. 22:1892 (B) (1) provides in pertinent part that:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . as

> provided in Paragraphs (A)(1) [] of this Section . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

26. AMGUARD INSURANCE COMPANY LONDON violated La. R.S. 22:1892 by failing to pay the EVEREST ENTERPRISE, LLC'S amounts due and owing under the AMGUARD INSURANCE COMPANY LONDON Policy, after AMGUARD INSURANCE COMPANY LONDON received satisfactory proof of EVEREST ENTERPRISE, LLC'S losses and appropriate demands. Thus, in addition to the amounts due and owing under the Policy, EVEREST ENTERPRISE, LLC is owed mandatory statutory penalties and attorney fees.

27. The Louisiana Legislature enacted the "Unfair Insurance Trade Practices Act," La. R.S. 22:1961 et seq., to "regulate the trade practices in the business of insurance, in accordance with the intent of congress as expressed in Public Law 15-79th Congress,1 by defining or providing for the determination of all acts, methods, and practices which constitute unfair methods of competition and unfair or deceptive acts and practices in this state, and to prohibit the same." La. R.S. 22:1961.

28. La. R.S. 22:1973(A) establishes that all insurance companies doing business in the State of Louisiana, including Defendant AMGUARD INSURANCE COMPANY LONDON, owes its insureds, including EVEREST ENTERPRISE, LLC, a duty of good faith and fair dealing and provides in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims

> fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
> (4) Misleading a claimant as to the applicable prescriptive period.
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

29. La. R.S. 22:1973(C) provides in pertinent part:

> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

30. The foregoing provisions of the Louisiana Insurance Code are a part of every Louisiana insurance contract, including the contract between AMGUARD INSURANCE COMPANY LONDON and EVEREST ENTERPRISE, LLC.

31. AMGUARD INSURANCE COMPANY LONDON breached its duty under La. R.S. 22:1973(B)(5) by failing to pay to EVEREST ENTERPRISE, LLC amounts that were clearly due and owing within 60 days of receipt of satisfactory proof of loss, all of which subject

AMGUARD INSURANCE COMPANY LONDON to penalty damages as is set forth in LSA-R.S. 22:1973.

32. The actions of the AMGUARD INSURANCE COMPANY LONDON, and which actions violated the provisions of LSA-R.S. 22:1973 have caused EVEREST ENTERPRISE, LLC damages which are in addition to any general or special damages to which EVEREST ENTERPRISE, LLC is otherwise entitled to wit:

1. Delay;
2. Additional livings expenses;
3. Mental anguish and embarrassment;
4. Inconvenience and mental suffering;
5. Loss of enjoyment of life.

33. Defendant arbitrarily and capriciously failure to pay amounts to your Plaintiffs for a period in excess of sixty (60) days and its misrepresentation of the provisions of the Policy entitled EVEREST ENTERPRISE, LLC to receive, in addition to the insurance benefits and general and special damages to which this Plaintiffs is entitled, (2) times the actual damages sustained by your Plaintiffs or five thousand ($5,000.00) dollars, for each discreet breach of your defendant's duties pursuant to LSA R. S. 22:1973.

34. Defendant arbitrarily and capriciously failure to pay amounts to your Plaintiff for a period in excess of thirty (30) days as is contemplated by LSA-R.S. 22:1892 entitle the EVEREST ENTERPRISE, LLC to receive, in addition to the insurance benefits, general and special damages to which these Plaintiffs are entitled, penalties of fifty (50%) percent of the amounts due and owing or one thousand ($1,000.00) dollars, whichever is greater, for each discreet breach of your defendant's duties pursuant to LSA R. S. 22:1892, together with attorney fees and all costs of these proceedings.

WHEREFORE, premises considered, Plaintiff herein, EVEREST ENTERPRISE, LLC, pray:

I. That this, their Petition For Insurance Benefits and Damages be duly filed and served upon defendant AMGUARD INSURANCE COMPANY LONDON, citing the Defendant to answer the allegations contained within this petition;

II. That after all legal delays had that there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff an amount equal to all benefits due and owing your Plaintiffs under the contract of insurance existing between EVEREST ENTERPRISE, LLC and AMGUARD INSURANCE COMPANY LONDON; together with all damages reasonable in the premises due to Defendants breach of its contract with the Plaintiff;

III. That there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff damages and penalties pursuant to La. R.S. 22:1892 and/or La. R.S. 22:1220, together with attorney fees and all costs of these proceedings;

IV. That there be Judgment in favor of Plaintiffs and against defendant awarding to the Plaintiff judicial interest on all awards herein as is contemplated by Louisiana Law; and

V. For all general and equitable relief to which EVEREST ENTERPRISE, LLC may otherwise be entitled to receive.

Respectfully submitted:
JONES & HILL, LLC

By: /s/ Craig Ray Hill
    Craig Ray Hill
(La. Bar. Roll # 23780)
John Craig Jones
(La. Bar. Roll # 17648)
PO Box 1260
Oberlin, Louisiana 70655
Attorney for Plaintiff
EVEREST ENTERPRISE, LLC

**PLEASE SERVE:**
**AMGUARD INSURANCE COMPANY LONDON**
Through its agent for service of process:
Honorable R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809